UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SCOTT,

       Petitioner,                    Case No. 2:26-CV-10209

v.                                     Honorable Linda V. Parker

JEFF TANNER,

       Respondent.

_____/

## **OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR AN EXTENSION OF TIME TO FILE AN ANSWER**

Before the Court is Respondent's motion for an extension of time to file a responsive pleading to the petition for a writ of habeas corpus. The motion is GRANTED.

A federal court has discretion in extending the time for a state to file a response to a habeas corpus petition. *See Whitfield v. Martin*, 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001) (Tarnow, J.). As another judge in this district has indicated: "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself in a position of considering the petition without a response by the respondent." *Mahaday v. Cason,* 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002) (Cohn, J.) (citing to *Beall v. Cockrell,* 174 F. Supp. 2d 512 (N.D. Tex. 2001)). Indeed, without a response from the State of Michigan, "a judge is left with a one-

1

sided view of the habeas corpus petition–that of the prisoner, who is most likely untrained in the law and has submitted a short petition to the court that does not include records and transcripts from the court proceedings in which the prisoner was convicted." *Mahaday v. Cason,* 222 F. Supp. 2d at 921.  Under these circumstances, a judge is unable to "isolate the precise contours of the dispute," because he or she would be "missing half of the story," i.e. the state court proceedings, which are necessary to properly adjudicate the habeas petition. *Id.*  Therefore, although an expeditious review of a habeas petition is desirable, a quick adjudication of the petition should not be done at the expense of an incomplete review. *Id.* at 922.

Rule 4 of the Rules Governing Section 2254 cases gives a federal court discretion to take into account various factors such as the respondent's workload and availability of transcripts before determining the time when an answer must be made. *See Kramer v. Jenkins*, 108 F.R.D. 429, 432 (N.D. Ill. 1985).  This Court finds that ninety days is a reasonable time in which to request a response in this case, taking into account the complexity of the petition, the ability of the Respondent to acquire the relevant documentary evidence, and the current caseload of the Attorney General's Office. *See Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996).

**IT IS HEREBY ORDERED** that Respondent's Motion for An Extension  of Time (ECF No. 7) is **GRANTED.**  Respondent shall have **ninety (90) days** from the

date of this order to file an answer to the petition for a writ of habeas corpus and the

Rule 5 materials.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 23, 2026