UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SCOTT,

Petitioner,

Case No. 2:26-cv-10209
Honorable Linda V. Parker

v.

JEFFFREY TANNER,

Respondent.

______________________________________/

**OPINION AND ORDER (1) DENYING THE MOTION TO STAY (ECF NO. 14); (2) DENYING AS MOOT THE MOTION TO COMPEL (ECF NO. 13); (3) SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND (4) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Ronald Scott, confined at the Macomb Correctional Facility in Lenox Township, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for two counts of first-degree criminal sexual conduct under Michigan Compiled Laws § 750.520b(1)(e). Respondent filed a motion to dismiss the petition on the ground that it contains claims that have not been exhausted with the state courts. Petitioner filed a motion to stay the proceedings. For the reasons stated below, the Court is denying Petitioner's motion to stay the proceedings and denying without prejudice the motion to compel. The Court is summarily dismissing without

prejudice the petition for a writ of habeas corpus for failure to exhaust state-court remedies.

## I. FACTUAL BACKGROUND

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. The state court originally sentenced Petitioner to 29 years and 8 months to 55 years in prison.

Prior to trial, the trial court denied the prosecution's motion to admit other-acts evidence under Michigan Rule of Evidence 404(b). The prosecution filed an interlocutory application for leave to appeal, which the Michigan Court of Appeals granted. The Michigan Court of Appeals reversed the trial court, ruling that the evidence was admissible. *People v. Scott*, No. 331512, 2016 WL 5243679 (Mich. Ct. App. Sep. 20, 2016). Petitioner filed an application for leave to appeal that decision in the Michigan Supreme Court, but neither the trial court, the prosecution, nor Petitioner's trial counsel apparently were aware of that application. Petitioner was tried, convicted, and sentenced while the application was pending. Subsequent to Petitioner's conviction and sentence, the Michigan Supreme Court denied the interlocutory application. *People v. Scott*, 889 N.W.2d 276 (Mich. 2017).

Following his conviction, Petitioner filed an appeal of right. The Michigan Court of Appeals held that because Petitioner's application for leave to appeal was

pending in the Michigan Supreme Court at the time of Petitioner's trial, the trial court did not have jurisdiction to hear the case, so it vacated Petitioner's convictions and sentence and remanded for a new trial. *People v. Scott*, No. 336815, 2019 WL 329584 (Mich. Ct. App. Jan. 24, 2019). The Michigan Supreme Court vacated that decision and ordered the Court of Appeals to reconsider the case in light of another case that the Michigan Court of Appeals was set to decide. *People v. Scott*, 931 N.W.2d 341 (Mich. 2019) (order).

On remand, the Michigan Court of Appeals ruled that the trial court did, in fact, have jurisdiction to hear the trial, and it affirmed Petitioner's convictions. *People v. Scott*, No. 336815, 2020 WL 504769 (Mich. Ct. App. Jan. 30, 2020). The Michigan Court of Appeals also rejected Petitioner's claim that counsel was ineffective for failing to request a stay of the trial proceedings on jurisdictional grounds. *Id.* at *3-4. The Michigan Court of Appeals, however, vacated Petitioner's sentence based on an error in the scoring of an offense variable under Michigan's Sentencing Guidelines and remanded the case to the trial court for resentencing. *Id.* at *4-5. The Michigan Supreme Court vacated the judgment of the Court of Appeals and directed that court to reconsider the jurisdiction issue in light of another case that the state high court had recently decided. *People v. Scott*, 973 N.W.2d 306 (Mich. 2022).

On remand again, the Michigan Court of Appeals held that the trial court did not have jurisdiction, so it vacated the convictions and sentences and remanded the case to the trial court. *People v. Scott*, 996 N.W.2d 750 (Mich. Ct. App. 2022). The Michigan Supreme Court reversed this decision, holding that the trial court did have jurisdiction while the interlocutory appeal was pending, even if it was a procedural error to hold the trial. *People v. Scott,* 15 N.W.3d 159 (Mich. 2024). The case was remanded to the Court of Appeals to consider the merits, after a full record was developed, of Petitioner's evidentiary-error claim. *Id.* at 176. Petitioner's motion for rehearing was denied. *People v. Scott*, 10 N.W.3d 658 (Mich. 2024).

On remand, the Michigan Court of Appeals rejected Petitioner's challenge to the admission of prior bad acts evidence under the Michigan Rules of Evidence 404(b). *People v. Scott*, No. 336815, 2025 WL 1201768 (Mich. Ct. App. Apr. 24, 2025). The Michigan Court of Appeals also reaffirmed its earlier rulings that counsel was not ineffective but again determined that Petitioner was entitled to resentencing. *Id.* at *8. On November 21, 2025, the Michigan Supreme Court denied Petitioner leave to appeal, finally terminating the state appellate court proceedings. *People v. Scott*, 27 N.W.3d 92 (Mich. 2025).

On August 10, 2026, the state trial court resentenced Petitioner to 21 years, 10 months to 36 years, 8 months in prison.[1]

On January 12, 2026,[2] Petitioner filed his current petition for a writ of habeas corpus asserting the following grounds:

I. Admission of uncharged 404(b) evidence violated due process.

II. Ineffective assistance of counsel (Sixth Amendment).

III. Insufficient evidence (*Jackson v. Virginia*).

IV. Prosecutorial misconduct.

V. Subject matter jurisdiction/due process violation.

VI. Actual innocence/newly discovered evidence.

VII. The state court decision was based on an unreasonable determination of the facts in violation of 28 U.S.C. § 2254(d)(2).

VIII. *Brady* violations in Ronald Scott case.

---

[1] https://mdocweb.state.mi.us/OTIS2/Profile; https://courtpa.macombgov.org/eservices/searchresults.page?x=HWaz35hZU*FYVI9-xqMlt2GHqBpMkr7nRx8JcA51OQ4v3HlZW-Mah2sQ4WfjHiIpilxpax-bsr9QnUZNLrEqyA.

[2] Under the prison mailbox rule, Petitioner's petition is deemed filed on January 12, 2026, the date it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

## II. DISCUSSION

The habeas petition shall be dismissed because several of Petitioner's claims were never exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which requires the dismissal of a habeas petition that contains claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Each habeas claim must be reviewed by a federal court for exhaustion before any claim may be adjudicated on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving exhaustion. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

This Court has reviewed the various appeal briefs that were filed on Petitioner's behalf with the Michigan Court of Appeals and the Michigan Supreme Court. (*See* ECF No. 12-32, PageID.1900-31, 1986-93, 2141-54, 2244-55, 2344-76; ECF No. 12-34, PageID.2454-89.) Petitioner's third, fourth, sixth, and eighth claims were never presented to those courts in any manner.

Petitioner raises several ineffective assistance of counsel claims in his second claim: counsel's failure to (a) adequately challenge the admission of the 404(b) evidence, (b) object to unreliable identification procedures, (c) challenge the inconclusive DNA results, (d) present expert testimony to rebut claims of common scheme, and (e) investigate and present impeachment evidence regarding witness credibility. (ECF No. 1, PageID.6.) None of these claims were raised on Petitioner's appeal of right. Although Petitioner did raise a claim on appeal that counsel was ineffective for failing to seek a stay of the trial on jurisdictional grounds (because Petitioner's interlocutory appeal was pending in the Michigan Supreme Court), he did not raise any of the ineffective assistance of counsel claims he currently raises in his petition.

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it

can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995) (quoting *Tippitt v. Lockhart*, 903 F.2d 552, 554 (8th Cir. 1990)). Because Petitioner's current ineffective assistance of counsel claims are different than the ineffective assistance of counsel claim presented during Petitioner's direct appeals process, these claims have not been fairly presented to the state courts. *See Caver v. Straub*, 349 F.3d 340, 346-47 (6th Cir. 2003) (citing to *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)); *see also Brandon v. Stone*, 226 F. App'x 458, 459 (6th Cir. 2007) (state prisoner had not exhausted his state court remedies as to claim that trial counsel was ineffective for failing to advise him regarding the merits of the various plea offers set before him, where this particular instance of ineffectiveness had not been mentioned in his state court proceedings).

Finally, it does not appear that Petitioner's first and fifth claims were exhausted as federal constitutional claims; instead, Petitioner only raised these claims as a violation of state law.

In order to exhaust state court remedies, a habeas petitioner must present his claim to the state courts as a federal constitutional issue. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984) (internal citations omitted). It is not enough that all the facts necessary to support the federal claim were presented to the state courts, or that a somewhat similar state law claim was made. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The mere similarity of claims between the state appeals and the federal habeas petition is insufficient for exhaustion purposes. *Duncan v. Henry*, 513 U.S. 364, 366 (1995). Petitioner's first and fifth claims are arguably unexhausted as well.

The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F.3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust these claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner,* 581 F.3d at 419. Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Macomb County Circuit Court under Michigan Court Rule 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See* M.C.R. 6.509; M.C.R.

7.203; M.C.R. 7.302; *see also Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, must appeal any denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner seeks to stay these proceedings while he exhausts his claims in state court. Although a district court can stay a mixed habeas petition containing unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S. 269 (2005), in this case, a stay of Petitioner's application for a writ of habeas corpus would be inappropriate, because there are no exceptional or unusual circumstances present that justify holding his petition for a writ of habeas corpus in abeyance rather than dismissing it without prejudice.

This is not a case where Petitioner risks his petition being time barred. He was resentenced recently, on August 10, 2026. He was then entitled under Michigan law to file an appeal from that resentencing.[3] Where state appellate courts affirm a habeas petitioner's conviction but reverse his sentence, the

---

[3]Where an appellate court in Michigan remands a case for some limited purpose following a defendant's appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from that decision on remand. *See People v. Kincade*, 522 N.W.2d 880, 882 (Mich Ct. App. 1994) (citing *People v. Jones*, 231 N.W. 2d 649, 650 (1975).

judgment against the petitioner becomes final, for purposes of the one-year statute of limitations for filing a habeas petition, when direct review of the new sentence is completed. *See Rashad v. Lafler,* 675 F.3d 564, 567-69 (6th Cir. 2012). Under § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002). Michigan Court Rule 7.204(A)(2)(c) states that an appeal by right in a criminal case must be taken within 42 days after entry of the judgment. The Michigan Court Rules do not have any provisions for reviving an appeal of right once it is lost. Instead, a defendant who loses his appeal by right is required to file an application for leave to appeal. *See* M.C.R. 7.205. Assuming Petitioner does not file a timely appeal of right with the Michigan Court of Appeals, he could still file an application for leave to appeal with that court if he chooses to appeal his new sentence. Petitioner would have six months from the date of his resentencing pursuant to Michigan Court Rule 7.205(A)(2)(a) to file a delayed application for leave to appeal. At this juncture, Petitioner's case is not final for purposes of the AEDPA's statute of limitations.

Because the one year limitations period has yet to begin running in this case, Petitioner would not be prejudiced if his habeas petition is dismissed without prejudice during the pendency of his re-sentencing in the state trial court and any

appeal following the re-sentencing. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001); *see also Smith v. Jackson*, No. 4:16-cv-13475, 2020 WL 2085084, at *4 (E.D. Mich. Apr. 30, 2020), *appeal dismissed*, 2020 WL 7048673 (6th Cir. Oct. 7, 2020) (declining to hold habeas petition in abeyance where the one-year limitations period had yet to begin running in this case as petitioner had not yet been resentenced; petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his resentencing in the state trial court and any appeal following that re-sentencing); *Vinson v. Wynn,* No. 4:16-cv-13307, 2016 WL 6432746, at *3 (E.D. Mich. Oct. 31, 2016) (same).[4]

For these reasons, the Court denies the motion to stay the proceedings.

Finally, as Petitioner filed a reply to the motion to dismiss, in the form of a motion to stay, he appears to have received Respondent's motion to dismiss and the state court record. Therefore, his motion to compel service of these pleadings is denied as moot.

---

[4] The statute of limitations would also be tolled pursuant to 28 U.S.C. § 2244(d)(2) while Petitioner's post-conviction motion remained pending in the state trial and appellate courts.

## III. CONCLUSION

The petition for a writ of habeas corpus is dismissed without prejudice due to Petitioner's failure to exhaust his state-court remedies. When a district court enters a final order adverse to a habeas petition, it must issue or deny a certificate of appealability. *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

To obtain a certificate of appealability, a habeas petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

For these reasons, the Court declines to issue a certificate of appealability, because jurists of reason would not debate the conclusion that the petition is subject to dismissal because Petitioner failed to exhaust his state-court remedies. The Court also denies Petitioner leave to appeal in forma pauperis because the appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's motion to stay the proceedings (ECF No. 14) is **DENIED** and his motion to compel (ECF No. 13) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas (ECF No.1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed in forma pauperis are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 2, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager